Daniel, J udge,
 

 after stating the case, proceeded : — It is conceded that, were it not for the act passed in the year 1799
 
 {Rev. ch.
 
 531, sec. 3) the plaintiff might have sustained this action without giving any notice or making any demand for the money due on the orders made by the court, and have recovered for the breach of the condition of the bond, the amount due on such orders at the date of the writ. But it is contended that a different remedy is provided by that act, and that it must be pursued before any action can be had on the bond for the non-payment of the money-orders made by the court. It seems not so to us. The third section of the act of 1799 declares, that when the court shall charge the reputed father of a bastard child with the maintenance as prescribed by the act of 1741,
 
 {Rev. ch.
 
 30, sec. 10,) and the reputed father shall refuse or neglect to pay the same, then the County Court shall have power (on notice being served ten days before the sitting of the court, or returned by the sheriff that the defendant is not to be found) to order an execution against the goods and chattels, lands and tenements, of the said reputed father, sufficient to satisfy and discharge such sum as the county court shall adjudge for the maintenance of the bastard child. This summary way of proceeding against the reputed father (for it does not extend to the
 
 *414
 
 securities) is but a cumulative remed}*", and by no means a repeal of the common law right to sue all or either of the defendants on the bond when a breach of any of the conditions may happen. If the reputed father has property in the,county sufficient to satisfy the money-orders made by the court, the summary remedy is to be recommended, but we cannot say that it is the only remedy. The non-suit must be set aside, and a new trial granted.
 

 Per Curiam. Judgmen t reversed.